```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

TOBIAS NICKELS,

              Petitioner,

    -vs-

JAMES CONWAY,

              Respondent.

**DECISION AND ORDER**
**No. 10-CV-0413(MAT)**

_____

## I.   Introduction

Represented by appointed counsel, Tobias Nickels ("Petitioner") seeks an order from this Court staying his Amended Petition for a writ of habeas corpus and holding it in abeyance while he pursues exhaustion proceedings in state court. Respondent has opposed Petitioner's request for a stay.

## II.  Factual Background and Procedural History Relevant to the Motion to Stay

Petitioner was indicted by a grand jury in Steuben County, New York, on charges of depraved indifference murder of a child (N.Y. PENAL LAW § 125.25(4)) and intentional murder (id., § 125.25(1)) in connection with the death of his girlfriend's three-year-old son while the child was in Petitioner's care. Following a bench trial, Steuben County Court Judge Peter Bradstreet issued a verdict on March 11, 2005, convicting Petitioner of depraved indifference murder and acquitting him of intentional murder. Judge Bradstreet

sentenced Petitioner on June 13, 2005, to an indeterminate term of twenty-four years to life.

Petitioner's appointed appellate lawyer ("Appellate Counsel") filed a brief with the Appellate Division, Fourth Department, of New York State Supreme Court ("the Fourth Department") raising the following four issues: (1) the verdict was against weight of the credible evidence; (2) the evidence was legally insufficient to establish Petitioner's guilt beyond a reasonable doubt; (3) the prosecution violated its due process obligations under Brady v. Maryland, 373 U.S. 83 (1963); and (4) the sentence was harsh and excessive and should be reduced in the interest of justice. In regards to the legal insufficiency argument, Appellate Counsel did not reference the preservation problem occasioned by Trial Counsel's failure to move for a trial order of dismissal after the prosecution rested its case, or argue that the Fourth Department should reach the insufficiency issue despite the lack of preservation.

In a decision dated February 2, 2007, the Fourth Department affirmed Petitioner's conviction, addressing the Brady, weight-of-the-evidence, and sentencing claims on the merits; and finding the legal insufficiency claim unpreserved. People v. Nickels, 37 A.D.3d 1110, 829 N.Y.S.2d 362 (4th Dept. 2007). Appellate Counsel's letter to the New York Court of Appeals seeking leave to appeal asserted the insufficiency claim, but did not address the preservation

issue. Leave to appeal was denied. People v. Nickels, 8 N.Y.3d 988 (2007).

Petitioner's original Petition for habeas corpus filed in this Court on May 17, 2010, raised the following claims: (1)(a) the evidence was legally insufficient to support the conviction, and (1)(b) the verdict was against the weight of the evidence; (2) the Brady violation deprived Petitioner of his right to a fair trial and due process; and (3) Petitioner's right to due process was violated when a law firm he had retained, the now defunct Pro Se Litigators, abandoned him and did not timely file his habeas petition.

The Petition was dismissed, on initial screening, on the basis that it was untimely under 28 U.S.C. § 2244(d)(1). Petitioner appealed, and the Second Circuit appointed counsel, Timothy Hoover, Esq. ("Habeas Counsel"), to represent him.

In a decision filed May 8, 2012, the Second Circuit found that the negligence of Pro Se Litigators was an extraordinary circumstance, as required for equitable tolling of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitations period for filing a federal habeas petition. Nickels v. Conway, No. 10-4228-pr, 480 F. App'x 54, 56-57, 2012 WL 1592929, at *2 (2d Cir. May 8, 2012). The Second Circuit vacated the judgment and remanded the matter for consideration of whether Petitioner had

been reasonably diligent in pursuing his rights and thus entitled to equitable tolling.

On remand, this Court continued the appointment of Habeas Counsel. In a Decision and Order (Dkt #10) entered July 12, 2012, the Court found Petitioner entitled to equitable tolling and deemed his Petition timely filed. Respondent was ordered to file a responsive pleading by August 27, 2012. After obtaining an extension of time, Respondent filed his Answer on October 10, 2012 (Dkt #14).

With Respondent's consent, Petitioner received several extensions of time in which to file an amended habeas petition. On February 4, 2013, Petitioner filed an Amended Petition (Dkt #27) for habeas corpus, raising the following grounds for relief: (1) the evidence was legally insufficient to support the conviction for depraved indifference murder; (2) the prosecution committed a Brady violation; (3) Trial Counsel, Appellate Counsel, and Pro Se Litigators were ineffective. In the Amended Petition's Prayer For Relief, Paragraph 3, Petitioner requested that the Court hold his "claim for ineffective assistance of Appellate Counsel and/or for ineffective assistance of Trial Counsel in temporary abeyance to allow [him] to return to state court to file a motion/petition for writ of error coram nobis challenging the ineffective assistance of Appellate Counsel and/or the ineffective assistance of Trial Counsel, in order to receive a decision/relief on and/or exhaust

such claim. . . ." Amended Petition ("Amend. Pet.") at 36, ¶ 3 (Dkt #27).

On February 15, 2013, Respondent filed a Response (Dkt #28) to the Amended Petition, noting that Petitioner had failed to exhaust his claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel. Respondent asserted that neither claim "related back" to the original Petition for purposes of Rule 15(c) of the Federal Rules of Civil Procedure and thus they were untimely. Respondent also opposed the issuance of a stay to allow Petitioner to return to state court to exhaust the proposed new claims.

On June 25, 2013, Petitioner filed a Motion for a Stay (Dkt #29) with a proposed order attached. Petitioner noted that he wished to file a petition for a writ of error <u>coram nobis</u> in the Fourth Department to assert a claim of ineffective assistance of appellate counsel. Respondent opposed the motion (Dkt #30). Petitioner filed a Reply (Dkt #31), to which he attached a copy of his <u>coram nobis</u> application filed on July 22, 2013, in the Fourth Department.

### III. Relation Back Under Rule 15(c)

Respondent argues that the proposed new claims of ineffective assistance of appellate counsel are untimely and do not relate back, for statute of limitations purposes, to the claims initially asserted in the Petition.

In the present case, the one-year statute of limitations period has long since expired. Indeed, Petitioner's original Petition only was deemed timely because the Court found that he was entitled to equitable tolling of the statute of limitations. Furthermore, the statute of limitations has not been tolled during the pendency of the instant habeas proceeding. Duncan v. Walker, 533 U.S. 167, 181 (2001).

Having been filed after the expiration of the one-year limitations period, the claims in the Amended Petition will be timely only if they "relate back" to claim in the original Petition under Rule 15(c). See FED. R. CIV. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading. . . ."); Mayle v. Felix, 545 U.S. 644, 655 (2005) (applying Rule 15(c) to a proposed amendment to a § 2254 petition).  In Mayle, the Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition simply because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655-64. Rather, under the construction of Rule 15(c) approved in Mayle, "relation back" of habeas claims is permitted "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not

when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. In this regard, the court must look to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Id.

The new claims in the Amended Petition allege that Trial Counsel was ineffective and Appellate Counsel was ineffective in relation to the preservation of Petitioner's legal insufficiency claim, which was asserted in the original Petition.  Although Petitioner states that the original Petition asserted a claim that Trial Counsel was ineffective, the only claim of ineffective assistance in the Petition pertained to Pro Se Litigators' representation of Petitioner in connection with his habeas proceeding. This will not defeat a finding of relation back, provided that the new claims of ineffective assistance of Trial Counsel and Appellate Counsel simply add "a new legal theory tied to the same operative facts as those initially alleged[.]" Mayle, 545 U.S. at 659 & n. 5.

The claim that Appellate Counsel was ineffective in failing to argue that Trial Counsel was ineffective in failing to preserve the legal insufficiency claim adds a new legal theory, connected to the same operative facts as those already asserted–namely, that the evidence was legally insufficient to support Petitioner's conviction for depraved indifference murder because the prosecution

failed to adduce evidence of the requisite recklessness and indifference to human life. The claim that Appellate Counsel was ineffective in failing to urge the Fourth Department to exercise its interest-of-justice jurisdiction and review the unpreserved claim of legal sufficiency of the evidence likewise simply adds a new legal theory, connected to the same operative facts as originally alleged. See Pratt v. Upstate Corr. Fac., 413 F. Supp.2d 228, 237 (W.D.N.Y. 2006) ("Pratt alleged in the supplement to the petition that trial counsel was ineffective because he represented petitioner despite having a conflict of interest and that the trial court failed to make a sufficient inquiry into the nature and extent of the alleged conflict of interest. Pratt's ineffective assistance of counsel claim is based on appellate counsel's failure to raise these issues on direct appeal. Thus, the original and amended petitions would be based on the same common core of operative facts[.]"). Accordingly, the Court finds that the proposed new claims "relate back" to the original Petition for purposes of Rule 15(c) and are not untimely.

## IV.    **Rhines and the Motion to Stay**

The necessity for a stay of a habeas corpus petition arises where, as here, the petitioner seeks to add unexhausted claims to a petition containing exhausted claims, and an "outright dismissal [of the petition] could jeopardize the timeliness of a collateral attack" under the one-year limitations period set forth in

28 U.S.C. § 2244(d). <u>Zarvela v. Artuz</u>, 254 F.3d 374, 380-82 (2d Cir.) (outlining stay-and-abeyance procedure), <u>cert. denied</u>, 534 U.S. 1015 (2001). In <u>Rhines</u>, 544 U.S. 269 (2005), the Supreme Court approved the stay-and-abeyance procedure outlined in <u>Zarvela</u> but held that it "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." 546 U.S. at 277. The Supreme Court went on to explain that "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." <u>Id.</u> (citing 28 U.S.C. § 2254(b)(2)). On the other hand, the Supreme Court noted, "it likely would be an abuse of discretion for a district court to deny a stay . . . if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." <u>Id.</u> at 278.

Respondent challenges Petitioner's showing as to all three <u>Rhines</u> factors, which are discussed in turn below.

### A. "Good Cause"

The Supreme Court did not define "good cause" in <u>Rhines</u>, and to this day the term remains undefined by that court. No circuit court of appeals has issued an opinion on the meaning of "good cause", and district courts have arrived at conflicting decisions

on the issue. <u>Ramdeo v. Phillips</u>, No. 04-CV-1157, 2006 WL 297462, at *5 (E.D.N.Y. Feb. 8, 2006) (collecting cases).

The only place the <u>Rhines</u> "good cause" criterion has been mentioned by the Supreme Court is <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005), decided about a month after <u>Rhines</u>. There, the Supreme Court mentioned the "good cause" factor in *dicta*:

> [Petitioner] claims that a petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never "properly filed," and thus that his federal habeas petition is time barred. A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. *A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.*

<u>Pace</u>, 544 U.S. at 416 (citing <u>Rhines</u>, 544 U.S. at 278) (internal quotations partially omitted; emphasis supplied). Some district courts have found that this <u>dicta</u> from <u>Pace</u>, and the concurring opinions from <u>Rhines</u>, have suggested a more expansive definition of "good cause" than the "cause" needed to excuse a procedural default. <u>E.g.</u>, <u>Rhines v. Weber</u>, 408 F. Supp.2d 844 (D. S.D. 2005), <u>on remand from Rhines v. Weber</u>, 544 U.S. 269 (2005).

The district court in <u>Rhines</u> observed that "[i]n <u>Pace</u>, the Supreme Court acknowledged that 'reasonable confusion' about timeliness was sufficient to meet the cause requirement[,]" and "[r]easonable confusion on the part of a petitioner is less stringent than acts that have been found sufficient to establish

-10-

cause for procedural default." Id. at 849 (citation omitted). The district court in Rhines found that the petitioner was "reasonably confused about whether his claims had been properly exhausted in state court[,]" and he therefore had shown "good cause" for his failure to exhaust. 408 F. Supp.2d at 848. See also Whitley v. Ercole, 509 F. Supp.2d 410, 419 (S.D.N.Y. 2007) (finding that, as a general matter, "a petitioner's showing of his confusion, if reasonable, concerning the delay in his state filing would satisfy the Rhines requirement of 'good cause'").

Petitioner here asserts that his reasonable confusion about the interplay between Trial Counsel's failure to preserve his legal insufficiency claim, and Appellate Counsel's failure to urge the Fourth Department to invoke its interest-of-justice jurisdiction to review the unpreserved claim, constitutes "good cause" for his failure to exhaust the claims earlier. Petitioner argues that this was not a situation in which he, as a layman, could have known that he had a colorble claim of ineffective assistance of appellate counsel at the time his state appellate brief was filed. The Fourth Department's affirmance simply stated that the insufficiency claim had not been preserved, but it did not explain that the lack of preservation was due to trial counsel's failure to move for a trial order of dismissal. People v. Nickels, 37 A.D.3d at 1111 (citing People v. Gray, 86 N.Y.2d 10, 19 (1995)). Thus, Petitioner asserts, he would have had no reason to think that he had viable claims of

ineffective assistance of trial or appellate counsel, based upon the Fourth Department's decision. Petitioner argues that, even if a pro se litigant could be expected to understand that a failure to preserve an issue can constitute ineffective assistance of counsel, he likely would assume such an omission only reflected on trial counsel's performance and not appellate counsel's failure to argue that the lack of preservation should be excused.

This argument finds support in several district court cases, including Ramchair v. Conway, No. 04 CV 4241(JG), 2005 WL 2786975, at *18 (E.D.N.Y. Oct. 26, 2005). In Ramchair, the district court found that the habeas petitioner had "good cause for not having raised [the unexhausted claim]" as "there [was] no reason to expect [him] to understand that his appellate counsel should have complained about the failure to grant the mistrial, not the failure to allow [a significant witness] to testify." Id. Accordingly, the district court in Ramchair granted a stay under Rhines to allow the petitioner exhaust an ineffective assistance of appellate counsel claim. Id.

In addition, although Pro Se Litigators did notify Petitioner in a letter dated December 10, 2007, that "[t]he one error your appellate attorney made was not arguing ineffective assistance of trial counsel for failure to preserve the issues[,]" they advised him to forego any collateral motions. See Letter from Pro Se Litigators to Petitioner, attached to Pet. (Dkt #1). Thus,

Petitioner reasonably could have been deterred by Pro Se Litigators from pursuing any collateral motions such as a coram nobis petition.

For the foregoing reasons, the Court finds that Petitioner has adequately satisfied the Rhines "good cause" factor.

**B.   Not "Plainly Meritless"**

The second Rhines factor requires the petitioner to show that the unexhausted claims are not "plainly meritless." Rhines, 544 U.S. at 277. In his coram nobis application, Petitioner asserted that Appellate Counsel was ineffective in failing to argue either that trial counsel's ineffectiveness or the statutorily granted interest-of-justice jurisdiction[1] provided a basis to review the substance of the legal insufficiency claim. Petitioner's trial counsel, Michael DiPrima, Esq., submitted an affidavit (Dkt #31-1) in support of the coram nobis motion, stating, inter alia, that his failure to move for a trial order of dismissal amounted to deficient representation. Appellate Counsel, David Parks, Esq., submitted an affidavit (Dkt #31-1) stating, inter alia, that his failure to request review under New York Criminal Procedure § 470.15's interest-of-justice jurisdiction was not strategic.

---

[1] See N.Y. CRIM. PROC. L. § 470.15(6)(a) ("The kinds of determinations of reversal or modification deemed to be made as a matter of discretion in the interest of justice include, but are not limited to, the following: (a) [a]hat an error or defect occurring at a trial resulting in a judgment, which error or defect was not duly protested at trial as prescribed in subdivision two of section 470.05 so as to present a question of law, deprived the defendant of a fair trial. . . .").

Without opining as to whether Petitioner's ineffective assistance of appellate counsel claims warrant habeas relief under AEDPA, the Court cannot say, at this point in time, that the claims are "plainly meritless."

### C. Abusive or Intentionally Dilatory Litigation Tactics

Respondent asserts that Petitioner waited an "exorbitant" amount of time before filing his motion for a stay. Although there was some delay in Petitioner's filing of the stay motion, Habeas Counsel has diligently represented Petitioner throughout these proceedings and has provided extremely detailed affidavits whenever he has requested extensions of time. In sum, the Court does not find that Petitioner has engaged in abusive or intentionally dilatory litigation tactics so as to warrant denial of a stay under Rhines.

### D. Other Relevant Factors

The interests of comity also favor granting Petitioner a stay under Rhines. AEDPA and the exhaustion doctrine "dictate that the state courts be given an opportunity to resolve a question of fact or state law, including issues of timeliness and merits, that may have an important bearing for purposes of comity and judicial efficacy before the federal courts make a determination, so that this Court can ultimately can review Petitioner's claims on a fully informed basis." Cueto v. McNeil, 08-22655-CIV, 2010 WL 1258065, at *20 (S.D. Fla. Mar. 12, 2010) (citing Granberry v. Greer, 481 U.S.

-14-

129, 134-35 (1987), overruled in part on other grounds by 28 U.S.C. § 2254(b)(3)). Since Petitioner has commenced the process of exhausting his claims in state court,[2] the state has already begun to invest its resources in adjudicating his new claims. This further weighs in favor of deferring the initial resolution of the claims to the state courts. Id. (citing Cobb v. McDonough, No. 5:07-cv-105-MCR-AK, 2008 WL 115725, *1 (N.D. Fla. Jan 9, 2008) (finding stay appropriate under Rhines in the interests of comity where petitioner's claim at issue awaited scheduled evidentiary hearing in state court proceeding)).

**V.  Conclusion**

For the foregoing reasons, Petitioner's motion (Dkt #29) to have his Amended Petition stayed and held in abeyance is **granted**. The instant action accordingly is stayed until further order of this Court.

The stay is subject to the following conditions: (1) Petitioner shall notify the Court in writing within thirty (30) days after the Fourth Department issues a decision on his coram nobis petition; (2) if Petitioner is unsuccessful at the Fourth Department and pursues a discretionary leave application to the New York Court of Appeals, Petitioner shall notify this Court within

---

[2] In his Reply, Habeas Counsel indicated that the coram nobis petition was returnable on August 5, 2013. He concedes that he does not know when the Fourth Department will decide the petition, but believes that it will be on or before September 27, 2013, which is the first scheduled decision release date after the return date. See Reply at 1 n. 1 (citation omitted).

thirty (30) days of the issuance of a decision by the New York Court of Appeals on his leave application; (3) Petitioner shall return to this Court within thirty (30) days of the completion of his coram nobis proceeding and either file a motion to lift the stay or a motion to withdraw the Amended Petition.

**Petitioner is advised that his failure to comply with the conditions of this stay order may result in vacatur of the stay nunc pro tunc and dismissal of his Amended Petition with prejudice.**

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   Rochester, New York
         August 15, 2013