UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TOBIAS NICKELS,

              Petitioner,

    -vs-

JAMES CONWAY,

              Respondent.
_____

**DECISION AND ORDER**
**No. 1:10-CV-0413(MAT)**

## Introduction

Presently before the Court is Petitioner's unopposed Motion for Authorization and Appointment of Additional Counsel For Purposes of Compensation Under the Criminal Justice Act (Dkt #45) for an order appointing George Hajduczok, Esq.; Spencer L. Durland, Esq.; and Deena K. Mueller, Esq. as additional counsel for Petitioner pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A.

## Discussion

The Court already has appointed Timothy Hoover, Esq. as counsel for Petitioner under the CJA. The notes that Attorney Hoover did not file the present motion (Dkt #45) until approximately one week before filing a voluminous summary judgment motion, which the Court found was unnecessary, given that all of the facts already had been found by the trial judge at Petitioner's bench trial. See Dkt. #54, p. 2.

-1-

The Court interpreted Petitioner's motion (Dkt #45) requesting that these three additional attorneys be appointed as co-counsel under the CJA and compensated at the rate of $50/hour for their legal work, and subsequently issued an order (Dkt #46) requesting a more detailed explanation as to why this case requires the appointment of three additional attorneys, when the CJA envisions the appointment of one additional attorney, and then only in an "extremely difficult case."

Petitioner filed a declaration (Dkt #49) in response to the Court's request. Petitioner notes that the Western District of New York's Schedule of Maximum Fees for Counsel and Other Services ("CJA Maximum Fee Schedule")[1] requires "prior authorization by the Court" before CJA-appointed attorneys can seek compensation for work performed by partners and associates in their firms. See Declaration of Timothy Hoover, Esq. ("Attorney Hoover"), dated October 9, 2014 (Dkt #49), ¶ 9 (quotation omitted). To indicate that Petitioner's motion was designed to satisfy the Fee Schedule's directive, Attorney Hoover states that he "couched the request as a motion to appoint 'additional counsel for Petitioner, *for purposes of compensation*.'" Dkt #49, ¶ 10 (quotation omitted, emphasis added in Dkt #49). Acknowledging that this statement was

---

[1] The "Schedule Of Maximum Fees For Counsel And Other Services" was revised in January 2015, and sets new rates for work performed on or after January 1, 2015. The updated schedule is located at http://www.nywd.uscourts.gov/sites/default/files/cja_maximum_fee_schedule_revised_012015_0.pdf (last accessed Mar. 16, 2015).

not clear, Attorney Hoover has clarified that he "is merely requesting permission to seek payment for the work done by three colleagues in [his] firm." Dkt #49, ¶ 12. Attorney Hoover states that his request on Petitioner's behalf "is not for three additional counsel to each be compensated, independently, up to the CJA limit[.]" Id., ¶ 13. Rather, even if the Court grants Petitioner's motion, "the compensation cap for this case would remain $9,700." Id. (citing CJA Maximum Fee Schedule, ¶ 3, available at, http://www.nywd.uscourts.gov/sites/default/files cja_maximum_fee_schedule_revised_042014.pdf)[2]. Attorney Hoover notes that given the complexity of the matter and its voluminous record, he "likely" will request compensation in excess of the maximum per-case amount of compensation, see CJA Maximum Fee Schedule, ¶ 3, but confirms that this would be a separate request. See Dkt #49, ¶ 14.

The 2015 CJA Maximum Fee Schedule was revised in January 2015, and states that

> [c]o-counsel or associate attorneys may not be compensated under the [CJA]. However, an appointed counsel may claim compensation for services furnished by a partner and/or associate . . . for research and/or trial preparation assistance **with *prior* authorization by the Court**. Exact rates will be set and approved at the discretion of the presiding Judge. . . .

---

[2]

The Court notes that when it copied the this url into a web browser, it received a message indicating "Page not found".

CJA Maximum Fee Schedule, ¶ 2 (emphases in original).[3] The CJA Maximum Fee Schedule thus contemplates that CJA-appointed counsel may "claim" compensation "for services furnished by a partner and/or associate[,]" provided that the appointed attorney obtains prior authorization from the Court. This Court does not interpret Paragraph 2 of the CJA Maximum Fee Schedule as guaranteeing that such claims for additional compensation will be paid, and nor does Attorney Hoover, as he states that he is "merely requesting permission to seek payment for the work done by three colleagues in [his] firm." Dkt #49, ¶ 12.

The Court is not convinced that this habeas matter is so complex that it necessitates the expenditure of time by three associates, in addition to that expended by Attorney Hoover. For instance, there will be no evidentiary hearing in this Court, and the petition does not present numerous claims. Although Attorney Hoover did file a <u>coram nobis</u> motion in the state court to complete exhaustion proceedings, as contemplated by the stay order issued in this case, he has noted that this work was done <u>pro bono</u> and is not contemplated by his present motion.

By way of comparison, in a recent criminal case in this District, <u>United States v. Jonas</u>, No. 11-CR-00366-RJA-JJM, 2013 WL 2450603 (W.D.N.Y. June 5, 2013, Magistrate Judge Jeremiah M.

---

[3] http://www.nywd.uscourts.gov/sites/default/files/cja_maximum_fee_schedule_revised_012015_0.pdf (last accessed Mar. 16, 2015).

McCarthy declined to appoint co-counsel in a criminal case involving two counts of discharging a firearm causing death. See Jonas, 2013 WL 2450603, at *2 ("Although I conclude that appointment of co-counsel is not necessary to ensure that defendant Jonas receives a fair trial, Messrs. Lembke and Thompson proposed at the April 22, 2013 proceeding that they were each willing to accept an unspecified reduced Criminal Justice Act rate to facilitate Mr. Thompson's appointment as co-counsel."). Magistrate Judge McCarthy denied the defendant's request for appointment of as co-counsel, without prejudice to the two attorneys agreeing to accept a combined hourly capital rate equal to the current rate payable to a single counsel under the CJA for their prospective joint representation of the defendant. Id. at *3.

## **Conclusion**

After careful consideration, the Court has determined to allow Attorney Hoover, at the conclusion of this case, to request *permission to seek payment* for the work done by *one (1)* of the three attorneys in his firm George Hajduczok, Esq.; Spencer L. Durland, Esq.; and Deena K. Mueller, Esq.) on this case, at the rate of $50 per hour. Attorney Hoover's Motion for Authorization and Appointment of Additional Counsel For Purposes of Compensation Under the Criminal Justice Act (Dkt #45) is granted to this extent only and is denied as to his request to seek payment for all three (3) attorneys listed above.

**IT IS SO ORDERED.**

S/ Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   Rochester, New York
         March 16, 2015